NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 4 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERARDO GARCIA MORENO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-71381

Agency No. A216-393-360

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 19, 2020
San Francisco, California

Before: THOMAS, Chief Judge, and KELLY[**] and MILLER, Circuit Judges.
Partial Concurrence and Partial Dissent by Chief Judge THOMAS

Gerardo Garcia Moreno, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals order upholding an immigration judge's denial

of his application for asylum. We have jurisdiction under 8 U.S.C. § 1252(a)(1).

We deny the petition.

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Garcia Moreno sought asylum and withholding of removal because of a claimed fear of persecution on the basis of his sexual orientation. The immigration judge found Garcia Moreno not credible because he expressly denied any fear of return at his first border interview and instead waited until his third entry into the United States to apply for asylum. Garcia Moreno explained that he was reluctant to voice his fear to immigration officials because he "was very ashamed" of his sexual orientation. The immigration judge considered Garcia Moreno's explanation but rejected it as insufficient to explain the inconsistency. Because Garcia Moreno had been informed of the possibility of seeking asylum during his second entry, the immigration judge did not find it credible that Garcia Moreno would wait to share his fear when he had the "potential of asking to speak to a female or speaking to anyone, even an attorney, who would be able to assist him." The Board "discern[ed] no clear error with the Immigration Judge's adverse credibility finding because it [was] supported by specific, cogent reasons," and the Board therefore upheld the immigration judge's denial of Garcia Moreno's application for asylum.

When the Board's decision "relies in part on the immigration judge's reasoning," as it does here, "we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (quoting *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012)). We review an adverse credibility finding for substantial evidence,

*Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013), and therefore must "uphold the agency determination unless the evidence compels a contrary conclusion," *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); *see also* 8 U.S.C. § 1252(b)(4)(B). Applying that "extremely deferential standard of review," *Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007), we conclude that the record does not compel us to reach a conclusion contrary to that of the Board and the immigration judge. We therefore must uphold the adverse credibility finding.

The inconsistency between Garcia Moreno's initial border interview, in which he expressed no fear of returning to Mexico, and his hearing testimony, in which he voiced a significant fear of being attacked in Mexico, "go[es] to the heart of [his] asylum claim." *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1045 (9th Cir. 2005). Such an inconsistency "is of great weight." *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010). While Garcia Moreno's explanation that he was too ashamed to disclose his sexual orientation to government officials is plausible, the immigration judge was not required to accept it. *See Don*, 476 F.3d at 744 (explaining that an immigration judge need not "interpret the evidence in the manner advocated by" the applicant). Instead, our precedent requires an immigration judge to consider a proffered explanation for an inconsistency and "provide a specific and cogent reason for rejecting it." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). Here, the immigration judge did consider Garcia

3

Moreno's explanation, and she offered several reasons for rejecting it.

To be sure, some of those reasons were flawed. The immigration judge's assumptions that Garcia Moreno had learned from his brother how to request asylum and that Garcia Moreno had had the opportunity to discuss asylum with his attorney were not supported by the record. The immigration judge also engaged in impermissible speculation in assuming that Garcia Moreno would be comfortable discussing the sensitive topics of his sexual orientation and past sexual assault with a border patrol officer simply because he believed the United States to be less discriminatory than Mexico. *See Mousa v. Mukasey*, 530 F.3d 1025, 1027–28 (9th Cir. 2008). The immigration judge's reliance on *Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008), was also misplaced because removal does not constitute a voluntary return to an applicant's home country.

But the immigration judge also offered cogent reasons for rejecting Garcia Moreno's explanation. She pointed to the three weeks Garcia Moreno had spent in Florence, Arizona—a period of time during which he had spoken to others about the possibility of seeking asylum—as providing ample opportunity for Garcia Moreno to voice his fears about returning to Mexico. The immigration judge also found that if Garcia Moreno had "indeed suffered all of the events he testified about in Mexico before coming to this country," he should have been able to, at the very least, not expressly deny any fear of returning to Mexico. While Garcia

4

Moreno's reluctance to discuss his sexual orientation might have prevented him from disclosing that aspect of his experience to immigration officials, at least some of the events that generated his fear, such as being followed and threatened at his bus stop, or the violent acts of his uncles, could have been described without discussing his sexual orientation. Thus, even if some of the immigration judge's reasoning was flawed, those flaws were not fatal to the credibility determination because the immigration judge also provided a reasonable basis for finding Garcia Moreno not credible. *Zamanov v. Holder*, 649 F.3d 969, 973–74 (9th Cir. 2011). Whether or not we would have reached the same conclusion ourselves, we cannot say that the record compels a contrary conclusion. Substantial evidence supports the Board's decision to uphold the immigration judge's adverse credibility finding.

Finally, Garcia Moreno claims that the defects in his original notice to appear require termination of his removal proceedings. Our decisions in *Karingithi v. Whitaker*, 913 F.3d 1158, 1161–62 (9th Cir. 2019), and *Aguilar Fermin v. Barr*, 958 F.3d 887, 893–95 (9th Cir. 2020), foreclose that claim.

**PETITION DENIED**.

The motion for stay of removal is **DENIED**.

*Garcia Moreno v. Barr*, No. 19-71381

THOMAS, Chief Judge, concurring in part and dissenting in part.

I agree that the petitioner's challenge to the agency's jurisdiction is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), and *Aguilar Fermin v. Barr*, 958 F.3d 887 (9th Cir. 2020). Because I do not believe substantial evidence supports the agency's adverse credibility finding, I would grant the petition in part and remand the case to the agency for further proceedings. Therefore, I respectfully concur in part and dissent in part.